**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| ROSALIND BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-235 |
| | ) | |
| CHATHAM COUNTY VOTER'S | ) | |
| REGISTRATION OFFICE, *et.* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Rosalind Brown has filed this action asserting that Chatham County Voter's Registration Office and two of its employees discriminated against her, in violation of the Americans with Disabilities Act. *See* doc. 1. The Court granted, in part, her request to pursue this case *in forma pauperis*, doc. 5, and she has complied with the terms imposed. She has also submitted an Amended Complaint. Doc. 6. Since she is entitled to amend her pleading as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), the Court proceeds to screen her Amended Complaint, *see* 28 U.S.C. § 1915(e)(2)(B).

1

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Brown's Amended Complaint alleges that she suffers from seizures and lupus. *See* doc. 6 at 4. She requested an accommodation from the Chatham County Voter's Registration Office to allow her to attend

medical appointments. *See id.* at 5. Although she does not explicitly allege that her requested accommodation was refused, the Court infers that it was. *See id.* Finally, she alleges that she received a right-to-sue letter from the United States Equal Employment Opportunity Commission on September 28, 2022. *Id.*

To state a claim of discrimination under the ADA, a plaintiff must allege that, at the time of the adverse action, she was (1) disabled, (2) qualified for the position, and (3) subjected to unlawful discrimination because of her disability. *See Mazzeo v. Color Resolutions Intern., LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014). A person is "disabled" under the ADA in three different ways: (1) if she has "a physical or mental impairment that substantially limits one or more . . . major life activities"; (2) if she has a record of such an impairment; or (3) if she is "regarded as" having such an impairment. 42 U.S.C. § 12102(1). One "major life activity" is working. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226-27 (11th Cir. 2005). A "qualified individual" is someone with a disability who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An employer's failure

to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA. *D'Angelo*, 422 F.3d at 1225-26; *see also Anderson v. Embarq/Spirit*, 379 F. App'x. 924, 927 (11th Cir. 2010) ("An employer impermissibly discriminates against a qualified individual when the employer does not reasonably accommodate the individual's disability." (citing 42 U.S.C. § 12112(b)(5)(A))). Brown's allegations, taken as true, are sufficient to allege discrimination.

Although Brown has sufficiently alleged that she was discriminated against when her employer failed to accommodate her seizures and lupus, she has not sufficiently alleged any claims against the individual defendants since the ADA does not provide for individual liability. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term "covered entity" means "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). This does not

4

allow for individual liability.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("… individual liability is precluded for violations of the 'DA's employment discrimination provision . . . .").  Brown's ADA claims against Defendants Addison and Brown should, therefore, be **DISMISSED**.

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]."  Fed. R. Civ. P. 4(c)(1), (m).  The Rules also provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  Alternatively, a plaintiff authorized to proceed *in forma pauperis* is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request."  Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Adam N. Steinman, Federal Practice & Procedure Civil § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if

requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . .").

It appears that Brown has already attempted to serve Chatham County Voter's Registration Office.  *See* doc. 6 at 18.  However, it does not appear that service was either effected or waived.  *See id.*  Within fourteen days from the date of this Order, then, plaintiff must either (1) request summonses from the Clerk, pursuant to his standard procedures, *see, e.g.,* Fed. R. Civ. P. 4(b); or (2) file a motion requesting that the Court authorize service by the United States Marshal or deputy marshal.  If Plaintiff elects not to request service by the marshals, and instead requests summonses from the Clerk, she may utilize the waiver process, detailed in Rule 4(d).  To facilitate Plaintiff's use of the Rule's waiver provisions, if Plaintiff requests summonses, the Clerk is **DIRECTED** to provide Plaintiff, in addition to the summonses, with one blank copy of Forms AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and AO 399 (Waiver of the Service of Summons), and one service copy of the complaint per defendant,.  The Clerk is **DIRECTED** to note the issuance of any summonses on the docket.  Plaintiff is advised that, upon issuance of a summons, service must be effected and proofs of

service must be filed, pursuant to Fed. R. Civ. P. 4(l), *see* Form AO 440 at 2, no later than ninety days from the date the amended complaint was filed.  *See* Fed. R. Civ. P. 4(m).  Failure to timely serve a defendant may result in dismissal "of the action without prejudice against that defendant . . . ." *Id.*  Plaintiff is advised that failure to timely comply with this Order may result in dismissal for failure to prosecute or comply with a court order.  *See* doc. 41(b); *see also, e.g., Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")).

In summary, Plaintiff's claims against Defendants Addison and Brown should be **DISMISSED**.  Plaintiff is **DIRECTED** to elect how to pursue service upon the remaining defendant within fourteen days from the date of this Order, as discussed above. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 15th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA