## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ROSALIND BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-235 |
| | ) | |
| CHATHAM COUNTY VOTER'S | ) | |
| REGISTRATION OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Rosalind Brown filed this action asserting that the Chatham County Voter's Registration Office discriminated against her in violation of the Americans with Disabilities Act. *See generally* doc. 7. Defendant has answered. Doc. 19. When the parties failed to submit the report required by Federal Rule of Civil Procedure 26(f) timely, the Court directed them to respond and explain that failure. *See generally* doc. 20. Although they did not submit a joint report, they have submitted consistent reports sufficient for the Court to enter the Scheduling Order below. *See* docs. 23 & 24. The Court is also satisfied that an apparent misdirection of Defendant's Answer and communication issues were responsible for the delay. *See* doc. 22 at 1; doc. 28 at 1-2. Plaintiff has

1

also filed two documents, one seeking to "Initiate Discovery," *see* doc. 21 at 1, and another which purports to be a "response" to Defendant's Answer and provide a "statement of material fact," *see* doc. 25 at 1.  As explained below, neither of those documents is proper.

The first document Plaintiff has filed, although styled as a "Motion to Initiate Discovery," is, in fact, material she contends supports her claims, including employment documents (*i.e.*, her resume and online application for employment), and medical records.  *See generally* doc. 21. This Court's Local Rules require counsel or the parties to maintain custody of their discovery materials.  *See* S.D. Ga. L. Civ. R. 26.4(a).  As the Court previously explained to Plaintiff:  "Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include:  when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial."  Doc. 10 at 4.  To the extent that Plaintiff seeks to "initiate" discovery, the parties' compliance with their obligations under Rule 26(f) obviates the need for the Court's authorization.  *See* Fed. R. Civ. P 26(d)(1).  Since, therefore, the material filed is either improper or moot, the Motion is **DENIED**.  Doc. 21.

The second document that Plaintiff has submitted is her attempt to argue against the Defendant's denials of allegations in her Amended Complaint. *See* doc. 25. She has attached documents that she apparently contends support her version of events. *See* doc. 25 at 18-21. Her submission does not cite to any legal authority supporting the propriety of her submission. *See generally* doc. 25. As relief, she requests only that "the Court allow this case to proceed forward," citing to certain authority. *See id.* at 17. Plaintiff's submission is wholly improper.

First, it must be recognized that, although Plaintiff's *pro se* status entitles her to have her submissions liberally construed, it does not permit her to ignore the applicable rules, including the Federal Rules of Civil Procedure.[1]  *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, [she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Sanctions, including dismissal, may be imposed against plaintiffs who fail to follow the rules. *See, e.g., Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015). There is simply no provision in

---

[1] Brown is advised that the Federal Rules of Civil Procedure may be accessed, free of charge, through the United States Court's website, at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

the Federal Rules, or any other procedure of which the Court is aware, that permits a plaintiff to argue the accuracy of a defendant's answer, independent of a specific motion. *See* Fed. R. Civ. P. 7(a)(7) (permitting "a reply to an answer," only "if the court orders one"). In the absence of a specific order directing a reply to an answer, such replies are improper. *See, e.g., Lee v. State Farm Fire & Cas. Co.*, 2021 WL 2439136, at *7 (N.D. Ga. June 15, 2021). To the extent that Plaintiff's filing is an unauthorized reply to the Answer, it is **STRICKEN**.[2] Doc. 25; *see also Lee*, 2021 WL 2439136, at *7. **Brown is advised that any further filings not specifically authorized by the Federal Rules of Civil Procedure or this Court's Local Rules will be deemed vexatious and in disregard of this Order, subjecting her to possible sanctions including dismissal of this case.** *Cf.* Fed. R. Civ. P. 41(b).

Even if the Court construed Plaintiff's filing as a request for leave to file a reply to Defendant's Answer, it would be properly denied. To justify filing a reply to an answer, the party seeking leave "must make a

---

[2] Plaintiff's reference to a "statements of material facts," suggest that she may intend her submission as, somehow, related to an unasserted Motion for Summary Judgment, under Rule 56. *See* S.D. Ga. L. Civ. R. 56.1. Since no such motion has been filed, any request to submit a supporting "statement of material facts," is moot.

clear and convincing showing that substantial reason or extraordinary circumstances require a reply." *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 11507830, at *2 (M.D. Fla. June 18, 2010) (citations omitted). "A motion for leave to file a reply may be denied if the Plaintiff does not provide any basis for the necessity of such a reply." *Id.* (citing *Garner v. Morales*, 237 F.R.D. 399 (S.D. Tex. 2006)). Since Brown has not provided any basis for the necessity of her filing a reply to Defendant's Answer, much less made a "clear and convincing showing," such a request would be denied.

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, after considering the parties' Rule 26(f) Reports,[3] the

---

[3] The parties submitted two separate Rule 26(f) Reports. Docs. 23 & 24. Although the two reports are not inconsistent, Defendant's report includes more detailed discovery deadline proposals. *See generally* doc. 24. Accordingly, since Defendant's report indicates that the proposals are made on behalf of the "parties", *see, e.g.*, *id.* at 6, the Court will base the discovery deadlines on Defendant's report. The Court notes, however, that its General Order required the parties to submit a single Rule 26(f) Report using the form attached to the General Order. Doc. 3 at 1 (General Order); *id.* at 3-8 (form). Defendant filed its unilateral Rule 26(f) Report using a different form with different deadlines. *See* doc. 24. Further, the form Defendant used expressly prohibits proposing conflated non-expert deposition and expert disclosure deadlines, *id.* at 6; Defendant did not comply with that instruction. *See id.* at 8-9. Despite the formal deficiencies in both reports, the Court has sufficient information to enter an appropriate scheduling order. Accordingly, the Court will use the proposed deadlines in Defendant's noncompliant Rule 26(f) Report as a guide in setting deadlines consistent with the form attached to the General Order. *Cf.* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Court imposes the following deadlines in the above-styled case:

| | |
|---|---|
| **DATE OF RULE 26(F) CONFERENCE** | July 28, 2023 |
| **LAST DAY TO EXCHANGE INITIAL DISCLOSURES** | August 11, 2023 |
| **LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES** | September 26, 2023 |
| **LAST DAY TO FURNISH EXPERT WITNESS REPORTS BY PLAINTIFF** | September 26, 2023 |
| **LAST DAY TO FURNISH EXPERT WITNESS REPORTS BY DEFENDANT** | October 26, 2023 |
| **CLOSE OF DISCOVERY** | November 27, 2023 |
| **JOINT STATUS REPORT DUE** | December 11, 2023 |
| **LAST DAY FOR FILING CIVIL MOTIONS INCLUDING DAUBERT MOTIONS BUT EXCLUDING MOTIONS *IN LIMINE*** | January 5, 2024[4] |

---

[4]  The parties propose a civil motions deadline that would fall before the close of discovery.  *See* doc. 24 at 9, 16.  Accordingly, the Court will set a civil motions deadline of January 5, 2024.

Motions *in limine* shall be filed no later than five days prior to the pre-trial conference. All motions, other than summary judgment motions and motions to dismiss, shall be accompanied with a proposed order.

 **SO ORDERED** this 7th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA